IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED MOGUL,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>NEW YORK PUBLIC RADIO, WNYC, and AUDREY COOPER,<br><br>　　　　　　Defendants. | Case No. 1:21-CV-5882 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, Defendants New York Public Radio, WNYC,[1] and Audrey Cooper ("Defendants"), by and through counsel, hereby remove the matter captioned as *Fred Mogul v. New York Public Radio, WNYC, and Audrey Cooper,* Case No. 652968/2021, filed in New York Supreme Court for the County of New York on May 5, 2021 (hereinafter, referred to as the "Action") to the United States District Court for the Southern District of New York. The grounds for removal are set forth below.

## COMPLIANCE WITH REMOVAL REQUIREMENTS

1.　　On or about May 5, 2021, Plaintiff Fred Mogul initiated the Action by filing a Summons With Notice asserting claims for "wrongful termination; violation of New York Labor Law § 190 *et seq.*, arising from denial of severance pay and severance benefits; defamation and slander arising from false and defamatory statements made and published to third parties about plaintiff by Audrey Cooper without privilege with malice or reckless disregard causing harm;

---

[1] The Summons With Notice and Complaint name "WNYC" as a Defendant. WNYC is not a legal entity, and thus not a proper party to this action.

1

breach of contract; breach of implied covenant of good faith and fair dealing; and intentional infliction of emotional distress." (Ex. A at 3.)

2. On June 9, 2021, Defendants were served with the Summons With Notice when they, through counsel, returned to Plaintiff an Acknowledgment of Service pursuant to New York CPLR 312-a, which provides that "[s]ervice is complete on the date the signed acknowledgment of receipt is mailed or delivered to the sender." (Ex. B.)

3. On June 15, Defendants were served with the Complaint filed in the State Court Action. (*See* Ex. C, hereinafter "Compl.")

4. Defendant's removal of the Action is timely regardless of whether the Court considers the Summons with Notice or the Complaint to be the initial pleading, because Defendants are removing this action within 30 days of service of both documents: the Complaint was served on June 15, and the Summons with Notice was served on June 9, 2021. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based");*Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (the time for removal begins to run with *service* of the initial pleading).

5. This Notice of Removal is properly filed in this district because the New York Supreme Court for the County of New York is located within the Southern District of New York. *See* 28 U.S.C. §§ 1441(a), 1446(a).

6. In accordance with 28 U.S.C. § 1446(b)(2)(a), all Defendants join in the removal of this action.

7. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the New York Supreme Court for the County of New York. In addition, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons With Notice is attached hereto as Exhibit A, a true and correct copy of Defendants' Acknowledgment of Service is attached hereto as Exhibit B, a true and correct copy of the Complaint and Exhibits is attached hereto as Exhibit C, and a true and correct copy of all other process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit D.

## THE COMPLAINT

8. The Complaint asserts five causes of action: defamation (Count I), wrongful termination of employment (Count II), denial of severance pay and benefits in violation of New York Labor Law §§ 190 *et seq.*(Count III), breach of the implied covenant of good faith and fair dealing (Count IV), and intentional infliction of emotional distress (Count V).

9. In support of these claims, Mogul alleges, *inter alia*, that: (a) he was "a member of SAG-AFTRA and entitled to the benefits afforded to reporters under the applicable collective bargaining agreement (CBA)," (Compl. ¶ 122); (b) "[t]he applicable CBA provides that 'all efforts shall be made to notify the Union in advance of any termination,'" (*id*. ¶ 123); (c) "[i]n violation of the CBA, defendants did not provide plaintiff with advance notice of his termination," (*id*.); (d) the "applicable CBA provides for severance pay in an amount equal to two (2) weeks' pay for each year of employment to an employee who is terminated without cause, in addition to contributions to the SAG-AFTRA health and retirement plan," (*id*. ¶ 124); and "in violation of the CBA,

defendants did not provide plaintiff the notice or severance pay and benefits to which he is entitled" (*id*. ¶ 125).

## JURISDICTION PURSUANT TO 28 U.S.C. §1331
## (FEDERAL QUESTION)

10. The Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Specifically, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"); as a result, under the "complete preemption" doctrine, those claims are considered federal claims that arise under federal law for jurisdictional purposes. *Vera v. Saks & Co.,* 335 F.3d 109, 114 (2d Cir. 2003) ("the 'complete pre-emption corollary to the well-pleaded complaint rule,' … provides 'that any claim based on preempted state law is considered a federal claim arising under federal law.'") (internal citations omitted). "The 'unusual pre-emptive power' accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." *Id*. Thus, even when the plaintiff's well-pleaded complaint "alleges on its face only state claims, and no one argues that diversity of citizenship exists between the parties, if plaintiff's state 'claims are preempted by section 301, federal jurisdiction exists and the removal of his case [is] proper.'" *Id*.

11. A state law claim is preempted by the LMRA (a) "when a state claim alleges a violation of a labor contract" or (b) "when resolution of a state-law claim is substantially dependent

upon analysis of the terms of an agreement made between the parties in a labor contract." *Vera*, 335 F.3d at 114.

12. **Wrongful Termination (Count II)**: Plaintiff's wrongful termination claim is preempted by the LMRA because it is substantially dependent upon analysis of the CBA, and in effect alleges violation of a labor contract. Under New York law, a wrongful termination claim requires proof of an "express written policy limiting [the employer's] right of discharge" and detrimental reliance on that policy. *De Petris v. Onion Settlement Association, Inc.*, 86 N.Y.2d 406, 410, 633 N.Y.S.2d 274, 276 (1995). "Where these elements are proved, the employee in effect has a contract claim against the employer." *Id*. The Complaint alleges that the CBA requires NYPR to "notify the Union in advance of any termination," (Compl. ¶ 122), and to provide "severance pay … to an employee who is terminated without cause, in addition to contributions to the SAG-AFTRA health and retirement plan." (*Id*. ¶ 124). Count II's allegation of wrongful termination turns on whether NYPR violated these contractual obligations in the CBA. (*See id.* ¶¶ 173, 177). As a result, Count II is preempted.

13. **Denial of Severance Pay and Benefits in Violation of New York Labor Law § 190 (Count III)**: Plaintiff's claim for denial of severance pay is likewise substantially dependent upon an analysis of the CBA, and thus preempted by Section 301 of the LMRA. Plaintiff's assertion that he is entitled to severance pay and benefits rests entirely on rights he alleges that he has under the CBA. For example, Plaintiff alleges that the "applicable CBA provides for severance pay in an amount equal to two (2) weeks' pay for each year of employment to an employee who is terminated without cause," (Compl. ¶ 124), that he "was terminated without legitimate cause," (*id.* ¶ 180), and that he is thus "entitled under the applicable CBA to severance pay...." (*Id.* ¶ 181-182.) In sum, Plaintiff's claim for severance pay and benefits is "preempted by the LMRA"

because it "rests squarely on a right created by the CBA and would require interpretation of the CBA upon which it depends." *Cortese v. Skanska Koch, Inc.,* No. 20-cv-1632 (LJL), 2021 WL 429971, at *16 (S.D.N.Y. Feb. 8, 2021) (NYLL Section 191 claim preempted by LMRA); *see also Vera,* 335 F.3d at 115-116 (NYLL claim preempted); *Ellis v. Harpercollins Publishers, Inc.,* No. 99 Civ. 12123 (DLC), 2000 WL 802900, at *2  (S.D.N.Y. June 21, 2000) (where plaintiff brought claim for failure to pay wages in violation of NYLL Section 191, finding the claim preempted LMRA Section 301 "[b]ecause the reported violation is based on a failure to pay union employees in accordance with the terms of a CBA").

14. **Breach of Implied Covenant of Good Faith and Fair Dealing (Count IV)**: Similarly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is substantially dependent upon an analysis of the CBA, and thus preempted by Section 301 of the LMRA.  In support of Count IV, Plaintiff alleges that "[t]he CBA providing, among other things, for advance notice of termination and severance pay and benefits, is a valid and enforceable contract between defendant NYPR and plaintiff's union, SAG-AFTRA." (Compl. ¶ 190.) He further alleges that "Defendants breached their obligations under both the WNYC Standards of Employee Conduct and the CBA" (*id*. ¶ 192), and that "Defendants' actions deprived plaintiff of the benefits to which he was entitled under these agreements including advance notice of his termination, confidentiality, and severance pay and benefits." (*Id.* ¶ 193.) The rights that Plaintiff asserts in Count IV are "rooted in contract, and the bad-faith claim he brings could have been pleaded as a contract claim under § 301" and is therefore preempted by the LMRA. *Allis-Chalmers Corp.,* 471 U.S. 202, 220 (1985) (tort claim for breach of implied covenant of good faith and fair dealing was preempted by LMRA).

15. **Remaining Claims**: Plaintiff's remaining claims are preempted for similar reasons as his other claims. *See Panczykowski v. Laborers' Int'l Union of N. Am.,* 2 F. App'x 157, 161 (2d Cir. 2001) (affirming that defamation claim is preempted where inquiry into falsehood would require evaluation of CBA terms); *see also Adonna v. Sargent Mfg. Co.,* 485 F. App'x 445, 447-48 (2d Cir. 2012) (IIED claim preempted because whether the employer's decisions with respect to plaintiff were "in any way wrongful, and thus could create an unreasonable risk of causing…emotional distress, [could not] be determined without examining the CBA provisions"); *Buttigieg v. 40 W. 67th Street Corp.,* 17-CV-620 (GBD), 2017 WL 5515942, at *1-2 (S.D.N.Y. Apr. 24, 2017) (IIED claim preempted by LMRA Section 301 because whether defendant's conduct was wrongful could only be determined with reference to the relevant CBA provisions); *Cruz v. United Automobile Workers Union Local 2300,* 3:18-CV-0048 (GTS/ML), 2019 WL 3239843 at *23 (N.D.N.Y. July 18, 2019) (IIED claim preempted by Section 301 of the LMRA because a determination of whether the defendants' alleged conduct constitutes extreme or outrageous conduct dependents on whether defendants' conduct was permissible under the CBA). But, even if they were not, this Court has supplemental jurisdiction over any claim that is not preempted by the LMRA because those claims are "plainly part of the same controversy" – namely, Plaintiff's termination from employment for plagiarism without severance. *Parker v. Della Rocco,* 252 F.3d 663, 665-66 (2d Cir. 2001); 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## NO WAIVER OF RIGHTS

16.     With this removal, New York Public Radio does not waive any claims or defenses. New York Public Radio also does not concede, in any way, that the allegations in the Summons With Notice or Complaint are accurate, that New York Public Radio or any other Defendant committed any violation of the law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

Dated: July 8, 2021

Respectfully submitted,

/s/ Wendy C. Butler

Wendy C. Butler
Justin D. Martin
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
Fax: (212) 755-7306
wbutler@jonesday.com
jmartin@jonesday.com

*Attorneys for Defendants New York Public Radio, WNYC, and Audrey Cooper*

## CERTIFICATE OF SERVICE

      I hereby certify that, on July 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the foregoing on counsel of record.

*/s/ Wendy C. Butler*
_____