# EXHIBIT D

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

FRED MOGUL,

              Plaintiff,

    -v-

NEW YORK PUBLIC RADIO; WNYC; and
AUDREY COOPER,

          Defendants.

**NOTICE OF APPEARANCE**

INDEX NO.     652968/2021

To the Clerk of this Court and all Parties of record:

    PLEASE TAKE NOTICE that LUNA DROUBI hereby appears in the above-entitled action

for Plaintiff FRED MOGUL and that all papers in this action should be served upon the

undersigned at the below-listed address.

    I certify that I am admitted to practice in this court.

Dated: New York, New York
      May 5, 2021

                           BELDOCK LEVINE & HOFFMAN LLP

By:    _____
             Luna Droubi
             *Attorney for Plaintiff*
             99 Park Avenue, PH/26th Floor
             New York, New York 10016
             T: 212-490-0400
             F: 212-277-5880

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

FRED MOGUL,

               Plaintiff,

      -v-

NEW YORK PUBLIC RADIO; WNYC;
and AUDREY COOPER,

              Defendants.

**Index No. 652968/2021**

**ACKNOWLEDGEMENT
OF RECEIPT OF
SERVICE**

---

      I received the summons and notice, Notice of Electronic Filing and Confirmation Notice in the above-captioned matter at 250 Vesey Street, NewYork, NY 10281-1047.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:
     1. / / I am not in military service.
     2. / / I am in military service, and my rank and branch of service are as follows:
     Rank:.............................................................................
     Branch of Service:...........................................................

           TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

....................................................................................................................................................

               Dated May_____, 2021

               I affirm the above as true under penalty of perjury.

               Signature:_____

               Print Name:_____

               Name of Defendants:  New York Public Radio
                                      WNYC
                                      Audrey Cooper

               Position with Defendants:  Attorney for Defendants

      PLEASE COMPLETE  ALL BLANKS INCLUDING DATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FRED MOGUL,

        Plaintiff,

    -v-

NEW YORK PUBLIC RADIO; WNYC;
and AUDREY COOPER,

        Defendants.

**Index No.**

**SUMMONS WITH NOTICE**

Plaintiff designates New York
County as the County of Venue

Venue is based upon location of
defendants' principal office

TO THE ABOVE-NAMED DEFENDANTS:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance upon plaintiff's attorneys, at the address stated below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

    The action will be heard in the Supreme Court of the State of New York in and for the County New York. This action is brought in New York County because it is the location of defendants' principal office and the place in which the actions giving rise to the claims took place.

Dated:    May 5, 2021
        New York, New York

By: _____
    Cynthia Rollings
    Luna Droubi
    Rebecca Pattiz
    BELDOCK LEVINE & HOFFMAN LLP
    Attorneys for Plaintiff
    99 Park Avenue, PH/26th Floor
    New York, New York 10016
    t: 212-277-5813
    crollings@blhny.com

To:    Defendants
New York Public Radio
WNYC
Audrey Cooper
c/o NEW YORK PUBLIC RADIO
160 Varick Street, 8th Floor
New York, New York 10013

# NOTICE

<u>Nature of the Action</u>: This is an action asserting the following claims arising from plaintiff's termination from New York Public Radio and WNYC on February 5, 2021: wrongful termination; violation of New York Labor Law §190 *et seq*, arising from denial of severance pay and severance benefits; defamation and slander arising from false and defamatory statements made and published to third parties about plaintiff by defendant Audrey Cooper without privilege with malice or reckless disregard causing harm; breach of contract; breach of implied covenant of good faith and fair dealing; and intentional infliction of emotional distress.

<u>Relief Sought</u>: Plaintiff seeks judgment declaring that defendants' acts complained of herein violated plaintiff's rights; severance pay in the amount of 2 weeks pay per year of employment in the amount of $69,954; severance benefits in the form of health and retirement plan contributions; compensatory damages to compensate for loss of employment and economic loss, including back pay and future lost earnings and benefits, damage to name, career and reputation, pain and suffering, emotional distress and mental anguish; punitive damages; liquidated damages under New York Labor Law § 198 in the amount of 25% of severance pay and benefits; attorneys' fees under New York Labor Law § 198 together with costs and interest; and such additional relief as may be just and proper.

Should defendants fail to appear herein, judgment will be entered by default for severance pay in the amount of $69,954, plus liquidated damages in the amount of $17,488, together with the value of severance benefits and other damages to be determined by a jury at inquest.

Plaintiff designates New York County as the place of trial. Venue is proper as because it is the location of defendants' principal office and the place in which the actions giving rise to the claims took place.

Dated: May 5, 2021
     New York, New York

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** NEW YORK

-----------------------------------------------------------------x

FRED MOGUL

Plaintiff/Petitioner,

- against -

Index No. 652968/2021

NEW YORK PUBLIC RADIO; WNYC; and
AUDREY COOPER

Defendant/Respondent.

-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

EF-3

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: _May 7, 2021_____

Cynthia Rollings
_____Name_____

Beldock Levine & Hoffman LLP

_____Firm Name_____

99 Park Ave, PH, 26th Floor
Address

New York, NY 10016

212-490-0400
Phone

crollings@blhny.com
_____
E-Mail

To: New York Public Radio
_____

WNYC
_____

Audrey Cooper
_____

6/6/18

 

# NYSCEF - New York County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 05/05/2021 01:15 PM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**Fred Mogul v. New York Public Radio et al**
**Assigned Judge: None Recorded**

## Documents Received on   05/05/2021 01:15 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS WITH NOTICE |

## Filing User

Cynthia Rollings | crollings@blhny.com | 212-277-5813
99 Park Avenue, Ph/26th Floor, New York, NY 10016

## E-mail Notifications

An email regarding this filing has been sent to the following on 05/05/2021 01:15 PM:

**CYNTHIA ROLLINGS - crollings@blhny.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | New York Public Radio | No consent on record. |
| Respondent | WNYC | No consent on record. |
| Respondent | Audrey Cooper | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2



**Index Number NOT assigned**
**Fred Mogul v. New York Public Radio et al**
**Assigned Judge: None Recorded**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 2

652968/2021

*Index No.* _____        *Year 20* ____

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

FRED MOGUL

        Plaintiff

-v-

NEW YORK PUBLIC RADIO; WNYC;
and AUDREY COOPER,

        Defendants.

## SUMMONS WITH NOTICE

### BELDOCK LEVINE & HOFFMAN LLP

*Attorneys for*        Plaintiff

99 PARK AVENUE
NEW YORK, N.Y. 10016
(212) 490-0400

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ....... 5/7/2021 ........        Signature ...............................

        Print Signer's Name ... Luna Droubi ...........................

*Service of a copy of the within*        *is hereby admitted.*

*Dated:*

        ...............................

        *Attorney(s) for*

*PLEASE TAKE NOTICE*

<table>
<tr><td>☐ NOTICE OF ENTRY</td><td><em>that the within is a (certified) true copy of a</em> <br><em>entered in the office of the clerk of the within-named Court on</em>      20</td></tr>
<tr><td>☐ NOTICE OF SETTLEMENT</td><td><em>that an Order of which the within is a true copy will be presented for settlement to the</em> <br><em>Hon.</em>      <em>, one of the judges of the within-named Court,</em> <br><em>at</em> <br><em>on</em>      20    <em>, at</em>     M.</td></tr>
</table>

*Check Applicable Box*

*Dated:*

### BELDOCK LEVINE & HOFFMAN LLP

*Attorneys for*

*To:*

99 PARK AVENUE
NEW YORK, N.Y. 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

FRED MOGUL,

                Plaintiff,

      -v-

NEW YORK PUBLIC RADIO; WNYC;
and AUDREY COOPER,

                Defendants.

**Index No. 652968/2021**

**STATEMENT OF SERVICE BY MAIL**

---

To:    JONES DAY
        250 Vesey Street
        New York, New York 10281-1047
        *Attorneys for Defendants*

The enclosed summons and notice, Notice of Electronic Filing and Confirmation Notice, are served pursuant to section 312-a of the Civil Practice Law and Rules. Defendants, by their attorneys Jones Day, have agreed to accept such service and have agreed to sign and complete the Acknowledgement of Receipt of Service and mail or deliver the completed form to the sender within thirty (30) days of receipt.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FRED MOGUL,

Plaintiff,

-v-

NEW YORK PUBLIC RADIO; WNYC;
and AUDREY COOPER,

Defendants.

**Index No. 652968/2021**

**AFFIDAVIT OF SERVICE**

I, Elizabeth Leader, do hereby state and affirm under penalties of perjury that the following is true and correct:

1.    I am over 18 years of age, am not a party to this action, and reside in New York, NY.

2.    Pursuant to CPLR § 312-a, on May 13, 2021, at approximately 12:59 PM, I served the each of the below-listed documents upon Defendants New York Public Radio, WNYC, and Audrey Cooper:

   a.   *Summons with Notice,*

   b.   *Notice of Electronic Filing,*

   c.   *Confirmation Notice,*

   d.   *Two copies Statement of Service, and*

   e.   *Two copies of the Acknowledgement of Receipt.*

3.    Said documents, along with a prepaid return envelope, were enclosed in an envelope addressed to Wendy Butler, Jones Day, 250 Vesey Street, New York, NY 10281; affixed with sufficient postage; and deposited in a mail depository within the exclusive control of the United States Postal Service.

Dated:    New York, New York
            May 13, 2021

*Elizabeth P...*

Elizabeth Leader

STATE OF NEW YORK     )

COUNTY OF NEW YORK  )

On this 13 day of MAY , 2021, before me personally came ELIZABETH LEADER, to me known and known to me to be the individual described in and who executed the foregoing instrument, and s/he acknowledged to me that s/he executed the same.

NOTARY PUBLIC

MARC A. CANNAN
NOTARY PUBLIC, State of New York
No. 02CA6265836
Qualified in Queens County
Commission Expires 07/16/2016

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FRED MOGUL,

               Plaintiff,

    -against-

NEW YORK PUBLIC RADIO, WNYC,
and AUDREY COOPER,

               Defendants.

**Index No. 652968/2021**

**NOTICE OF APPEARANCE AND
DEMAND FOR COMPLAINT**

      **PLEASE TAKE NOTICE** that Wendy C. Butler of Jones Day, with offices located at 250

Vesey Street, New York, NY 10281, hereby appears on behalf of Defendants New York Public

Radio, WNYC,[1] and Audrey Cooper (together, "Defendants") in the above-captioned action and

demands that Plaintiff serve the undersigned, at the office address listed below, with:

      A copy of the Complaint, within twenty (20) days of service of this Demand; and

      All papers in this action.

Dated:   New York, New York
         June 9, 2021

Respectfully submitted,

JONES DAY

By: _____
    Wendy C. Butler
    250 Vesey Street
    New York, New York 10281
    Tel: (212) 326-3939
    Fax: (212) 755-7306
    wbutler@jonesday.com

    *Attorneys for Defendants New York Public
    Radio, WNYC, and Audrey Cooper*

---

[1] The Summons With Notice (Dkt. 1) names "WNYC" as a Defendant. WNYC is not a legal entity, and thus not a proper party to this action.



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

New York Supreme COURT, COUNTY OF New York

Index No: 652968/2021          Date Index Issued: 05/05/2021

| | **For Court Use Only:** |
|---|---|
| | IAS Entry Date |

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Fred Mogul

Plaintiff(s)/Petitioner(s)

-against-

New York Public Radio, WNYC, Audrey Cooper

Defendant(s)/Respondent(s)

| Judge Assigned |
|---|
| |
| RJI Filed Date |

---

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance party is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

***NOTE:*** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**REAL PROPERTY:** Specify how many properties the application includes: _____

- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential ☐ Commercial
  Property Address: _____

  ***NOTE:*** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* **FORECLOSURE RJI ADDENDUM (UCS-840F)**.

- ☐ Tax Certiorari - Section: ___ Block: ___ Lot: ___
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**

- ☐ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**

- ☐ Contested

  ***NOTE:*** *If there are children under the age of 18, complete and attach the* **MATRIMONIAL RJI Addendum (UCS-840M)**.

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**TORTS**

- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- ☐ CPLR Article 75 (Arbitration) [see ***NOTE*** in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

---

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: 05/05/2021 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: 05/13/2021 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

---

**NATURE OF JUDICIAL INTERVENTION:** Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice   Date Issue Joined: _____
- ☐ Notice of Motion   Relief Requested: _____ Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____ Return Date: _____
- ☐ Order to Show Cause   Relief Requested: _____ Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties (List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants (For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email.) | Issue Joined (For each defendant, indicate if issue has been joined.) | Insurance (For each defendant, indicate insurance carrier, if applicable.) |
|---|---|---|---|---|
| ☐ | Name: Mogul, Fred <br><br> Role(s): Plaintiff/Petitioner | LUNA DROUBI, Beldock Levine & Hoffman LLP, Beldock Levine & Hoffman LLP 99 Park Avenue, PH/26th Floor, New York, NY 10016, 2122775875, ldroubi@blhny.com | ☒ YES ☐ NO | |
| ☐ | Name: New York Public Radio <br><br> Role(s): Defendant/Respondent | WENDY BUTLER, JONES DAY, 250 VESEY ST. , NEW YORK, NY 10281, wbutler@jonesday.com | ☐ YES ☒ NO | |
| ☐ | Name: WNYC <br><br> Role(s): Defendant/Respondent | WENDY BUTLER, JONES DAY, 250 VESEY ST. , NEW YORK, NY 10281, wbutler@jonesday.com | ☐ YES ☒ NO | |
| ☐ | Name: Cooper, Audrey <br><br> Role(s): Defendant/Respondent | WENDY BUTLER, JONES DAY, 250 VESEY ST. , NEW YORK, NY 10281, wbutler@jonesday.com | ☐ YES ☒ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 06/15/2021

LUNA DROUBI
Signature

5004304
Attorney Registration Number

LUNA DROUBI
Print Name

*This form was generated by NYSCEF*

UCS-840C
3/2011

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF **New York**
————————————————————————————————x

Fred Mogul

     Plaintiff(s)/Petitioner(s)

-against-

New York Public Radio, WNYC, Audrey Cooper

     Defendant(s)/Respondent(s)
————————————————————————————————x

Index No. **652968/2021**_____

RJI No. (if any) _____

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions — without consideration of the monetary threshold

☐ Commercial class actions — without consideration of the monetary threshold

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ not less than $750,000 _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: **6/21/2021**_____

_____
          SIGNATURE

**Luna Droubi**_____
          **PRINT OR TYPE NAME**

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JENNIFER G. SCHECTER**                    PART   IAS MOTION 54EFM

*Justice*

-------------------------------------------------------------------------------X

FRED MOGUL,                                                           INDEX NO.      652968/2021

                 Plaintiff,

          - v -                                                **ORDER**

NEW YORK PUBLIC RADIO, WNYC, AUDREY COOPER

              Defendants.

-------------------------------------------------------------------------------X

It is ORDERED that by June 28, 2021, plaintiff shall e-file and email the court a letter explaining why this action is eligible for assignment to the Commercial Division, and defendants may e-file and email the court a responsive letter by June 30, 2021.

20210623101115JSCHE[...]7231[...]7[...]6336D478693FB952F699F8780

_____

**DATE: 6/23/2021**

                     **JENNIFER G. SCHECTER, JSC**

## OTHER ORDER – NON-MOTION

June 28, 2021

**VIA E-MAIL AND NYSCEF**
The Honorable Jennifer G. Schecter
New York Supreme Court
Commercial Division – New York County
60 Centre Street, Room 626
New York, NY 10007

Re:     *Mogul v. New York Public Radio, et al.*, 652968/2021

Dear Justice Schecter:

We are attorneys for plaintiff Fred Mogul. We write in response to the Court's June 23, 2021 Order directing plaintiff to file a letter explaining why this action is eligible for assignment to the Commercial Division.

This action arises from the summary termination of plaintiff's long-term employment as a reporter for WNYC/New York Public Radio ("NYPR") on the basis of an accusation of plagiarism by defendant Audrey Cooper, Editor in Chief of NYPR. The charge of plagiarism was based on two sentences of AP copy appearing in a draft unpublished story which plaintiff offered to rewrite, which followed a link to the original AP story and which included an attribution tagline crediting AP, all in accordance with past practice in the WNYC Newsroom and in the industry. *See* Compl. ¶¶ 90, 107-115. The termination was followed by publication of the plagiarism accusation and related false statements of fact to the entire NYPR Newsroom in two Zoom meetings later that same day. *See* Compl. ¶¶ 91-104.

The Complaint, Dkt. No. 6, alleges claims for (1) defamation; (2) wrongful termination of employment; (3) denial of severance pay and benefits in violation of Labor Law §§ 190, *et seq*.; (4) breach of the implied covenant of good faith and fair dealing; and (5) intentional infliction of emotional distress. The Complaint alleges that defendants wrongfully terminated plaintiff's employment in violation of applicable NYPR/WNYC contracts, covenants, handbooks, policies and practices, journalistic standards and ethics, and in violation of the covenant of good faith and fair dealing implied in New York contracts, on the pretext of the false allegation of plagiarism, thus defaming plaintiff and depriving him of severance pay to which he was contractually entitled.

This action is properly assigned to the Commercial Division. It is commercial in nature, arising from an employment relationship and related agreements. It does not include claims that involve alleged discriminatory practices. Thus, it meets the definition contained in Commercial Division Rule § 202.70(b)(1):

Actions in which the principal claims involve or consist of the following will be heard in the Commercial Division provided that the monetary threshold is met or equitable or declaratory relief is sought:

(1) Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices);

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing as well as his wrongful termination claim sound in contract and rely upon alleged violations of applicable contracts, covenants, handbooks, policies and practices, and journalistic standards as well as a collective bargaining agreement. The Complaint also pleads a statutory violation arising out of such business dealings. As such, this action is properly assigned to the Commercial Division pursuant to § 202.70(b)(1) ("[b]reach of contract . . . or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., . . . and employment agreements not including claims that principally involve alleged discriminatory practices)").

As to his claim for defamation, this violation is also alleged to arise out of "business dealings", specifically, plaintiff's preparation of a story in the course of his employment. The Complaint alleges that defendants' defamatory statements were intended to injure plaintiff in his trade and business of journalism. *See* Compl. ¶ 166. The defamation alleged in this action is akin to the business tort of "trade defamation" or "trade libel." *See, e.g., Jurlique, Inc. v Austral Biolab Pty.*, 187 AD 2d 637, 639 (2d Dept 1992). "Business tort" is another of the claims identified in § 202.70(b)(1) supporting Commercial Division assignment. Indeed, this case is typical of the mixed defamation and contract cases over which the Commercial Division regularly exercises jurisdiction. *See, e.g., H. Roske & Assoc., LP v. Burghart*, 2020 NY Slip Op 34220(U) (N.Y. Co. Dec. 17, 2020) (Commercial Division ruling on defamation and tortious interference); *Yangtze Riv. Port & Logistics Ltd. v. Hindenburg Research*, No. 150721/2019, 2020 NY Slip Op 30506(U) (N.Y. Co. Feb. 25, 2020) (Commercial Division ruling on defamation and tortious interference with contract).; *Wikked Entertainment, Inc. v. Burbacki*, 2019 N.Y. Misc. LEXIS 561 (N.Y. Co. Feb. 13, 2019) (Commercial Division ruling on defamation, conversion, and tortious interference). Notably, this case does not fall into the exclusions for non-commercial cases contained in Commercial Division Rule § 202.70(c).

Second, the claims satisfy the Commercial Division's monetary threshold of $500,000 set forth in Rule § 202.70(a). Plaintiff's damages are not less than $750,000, exclusive of punitive damages, interest, costs, disbursements, and attorneys' fees. *See* Commercial Division Addendum, Dkt. No. 16. The Complaint alleges economic damages including past and future lost income and benefits and 18 years of severance pay. Plaintiff has also suffered damage to his name, reputation and career as a result of the termination based on the plagiarism allegation. As stated by one well-known WNYC journalist, an allegation of plagiarism constitutes "the worst transgression a journalist can commit." *See* Compl. ¶ 111. The Complaint also alleges that plaintiff has suffered significant emotional distress as a result of defendants' acts. Accordingly, this action easily meets Rule § 202.70(a)'s $500,000 monetary threshold.

Because this action satisfies both the monetary and subject-matter requirements set forth

in Rule § 202.70, we submit it is properly before the Commercial Division.

Respectfully Submitted,

Cynthia Rollings

cc:     All counsel (by NYSECF)

June 28, 2021

**VIA E-MAIL AND NYSCEF**
The Honorable Jennifer G. Schecter
New York Supreme Court
Commercial Division – New York County
60 Centre Street, Room 626
New York, NY 10007

Re:     <em>Mogul v. New York Public Radio, et al.</em>, 652968/2021

Dear Justice Schecter:

We are attorneys for plaintiff Fred Mogul. We write in response to the Court's June 23, 2021 Order directing plaintiff to file a letter explaining why this action is eligible for assignment to the Commercial Division.

This action arises from the summary termination of plaintiff's long-term employment as a reporter for WNYC/New York Public Radio ("NYPR") on the basis of an accusation of plagiarism by defendant Audrey Cooper, Editor in Chief of NYPR. The charge of plagiarism was based on two sentences of AP copy appearing in a draft unpublished story which plaintiff offered to rewrite, which followed a link to the original AP story and which included an attribution tagline crediting AP, all in accordance with past practice in the WNYC Newsroom and in the industry. *See* Compl. ¶¶ 90, 107-115. The termination was followed by publication of the plagiarism accusation and related false statements of fact to the entire NYPR Newsroom in two Zoom meetings later that same day. *See* Compl. ¶¶ 91-104.

The Complaint, Dkt. No. 6, alleges claims for (1) defamation; (2) wrongful termination of employment; (3) denial of severance pay and benefits in violation of Labor Law §§ 190, *et seq*.; (4) breach of the implied covenant of good faith and fair dealing; and (5) intentional infliction of emotional distress. The Complaint alleges that defendants wrongfully terminated plaintiff's employment in violation of applicable NYPR/WNYC contracts, covenants, handbooks, policies and practices, journalistic standards and ethics, and in violation of the covenant of good faith and fair dealing implied in New York contracts, on the pretext of the false allegation of plagiarism, thus defaming plaintiff and depriving him of severance pay to which he was contractually entitled.

This action is properly assigned to the Commercial Division. It is commercial in nature, arising from an employment relationship and related agreements. It does not include claims that involve alleged discriminatory practices. Thus, it meets the definition contained in Commercial Division Rule § 202.70(b)(1):

Actions in which the principal claims involve or consist of the following will be heard in the Commercial Division provided that the monetary threshold is met or equitable or declaratory relief is sought:

(1) Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices);

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing as well as his wrongful termination claim sound in contract and rely upon alleged violations of applicable contracts, covenants, handbooks, policies and practices, and journalistic standards as well as a collective bargaining agreement. The Complaint also pleads a statutory violation arising out of such business dealings.  As such, this action is properly assigned to the Commercial Division pursuant to § 202.70(b)(1) ("[b]reach of contract . . . or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g, . . . and employment agreements not including claims that principally involve alleged discriminatory practices")).

As to his claim for defamation, this violation is also alleged to arise out of "business dealings", specifically, plaintiff's preparation of a story in the course of his employment.  The Complaint alleges that defendants' defamatory statements were intended to injure plaintiff in his trade and business of journalism.  *See* Compl. ¶ 166.  The defamation alleged in this action is akin to the business tort of "trade defamation" or "trade libel." *See, e.g., Jurlique, Inc. v Austral Biolab Pty.*, 187 AD 2d 637, 639 (2d Dept 1992).  "Business tort" is another of the claims identified in § 202.70(b)(1) supporting Commercial Division assignment.  Indeed, this case is typical of the mixed defamation and contract cases over which the Commercial Division regularly exercises jurisdiction. *See, e.g., H. Roske & Assoc., LP v. Burghart*, 2020 NY Slip Op 34220(U) (N.Y. Co. Dec. 17, 2020) (Commercial Division ruling on defamation and tortious interference); *Yangtze Riv. Port & Logistics Ltd. v. Hindenburg Research*, No. 150721/2019, 2020 NY Slip Op 30506(U) (N.Y. Co. Feb. 25, 2020) (Commercial Division ruling on defamation and tortious interference with contract).; *Wikked Entertainment, Inc. v. Burbacki*, 2019 N.Y. Misc. LEXIS 561 (N.Y. Co. Feb. 13, 2019) (Commercial Division ruling on defamation, conversion, and tortious interference).  Notably, this case does not fall into the exclusions for non-commercial cases contained in Commercial Division Rule § 202.70(c).

Second, the claims satisfy the Commercial Division's monetary threshold of $500,000 set forth in Rule § 202.70(a).  Plaintiff's damages are not less than $750,000, exclusive of punitive damages, interest, costs, disbursements, and attorneys' fees.  *See* Commercial Division Addendum, Dkt. No. 16.  The Complaint alleges economic damages including past and future lost income and benefits and 18 years of severance pay.  Plaintiff has also suffered damage to his name, reputation and career as a result of the termination based on the plagiarism allegation.  As stated by one well-known WNYC journalist, an allegation of plagiarism constitutes "the worst transgression a journalist can commit." *See* Compl. ¶ 111.   The Complaint also alleges that plaintiff has suffered significant emotional distress as a result of defendants' acts. Accordingly, this action easily meets Rule § 202.70(a)'s $500,000 monetary threshold.

Because this action satisfies both the monetary and subject-matter requirements set forth

in Rule § 202.70, we submit it is properly before the Commercial Division.

Respectfully Submitted,

Cynthia Rollings

cc:     All counsel (by NYSECF)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FRED MOGUL,

               Plaintiff,

      -against-

NEW YORK PUBLIC RADIO, WNYC,
and AUDREY COOPER,

               Defendants.

**Index No. 652968/2021**

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties herein, that Defendants New York Public Radio, WNYC,[1] and Audrey Cooper shall have until July 21, 2021 to move, answer, or otherwise respond to the Complaint. Facsimile or photocopied signatures shall be deemed originals for purposes of this stipulation and upon execution by all parties this stipulation may be filed with the Clerk of Court without further notices.

IT IS FURTHER STIPULATED AND AGREED that Defendants agreed to accept service of the summons with notice in this action pursuant to CPLR §312-a, that Defendants completed the acknowledgment of receipt of such service (and subsequently received the complaint), and that Defendants will not move to dismiss the action pursuant to CPLR §3211(a)(8) on the grounds of improper service.

---

[1] Plaintiff names "WNYC" as a Defendant. Defendants assert that WNYC is not a legal entity, and thus not a proper party to this action.

Dated: New York, New York

     July 2, 2021

BELDOCK LEVINE & HOFFMAN LLP

By: _____

Cynthia Rollings
Luna Droubi
Rebecca Pattiz
99 Park Avenue
26th Floor/PH
New York, New York 10016
Tel. (212) 490-0400
Fax (212) 277-5880
crollings@blhny.com
ldroubi@blhny.com
rpattiz@blhny.com

*Attorneys for Plaintiff Fred Mogul*

JONES DAY

By: _____

Wendy C. Butler
Justin D. Martin
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax (212) 755-7306
wbutler@jonesday.com
jmartin@jonesday.com

*Attorneys for Defendants New York Public
Radio, WNYC, and Audrey Cooper*