IH-32　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

#### Full Caption of Later Filed Case:

Fred Mogul

| Plaintiff | Case Number |
|---|---|
| vs. | 1:21-CV-05882 |
| New York Public Radio, WNYC, Audrey Cooper | |
| Defendant | |

#### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Screen Actors Guild - American Federation of Television and Radio Artists, New York Local

| Plaintiff | Case Number |
|---|---|
| vs. | 1:21-CV-04972 |
| New York Public Radio | |
| Defendant | |

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

| | | |
|---|---|---|
| ☐ | Closed | (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.) |
| ✓ | Open | (If so, set forth procedural status and summarize any court rulings.) |

In the earlier-filed case, Plaintiff Screen Actors Guild - American Federation of Television and Radio Artists, New York Local filed a complaint against New York Public Radio seeking to compel arbitration on June 4, 2021. The Summons and Complaint were served on June 8, 2021. New York Public Radio timely filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 29, 2021.

The initial conference is currently scheduled for September 23, 2021 before Judge Colleen McMahon.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

See Attached Exhibit A.

Signature: _____  Date: July 8, 2021

Firm: Jones Day

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Exhibit A to Related Case Statement**

Plaintiff Fred Mogul seeks to litigate numerous causes of action based on his claims that New York Public Radio ("NYPR") wrongfully terminated him and declined to pay him severance, in violation of the collective bargaining agreement ("CBA") between NYPR and his union, the Screen Actors Guild – American Federation of Television and Radio Artists, New York Local ("SAG-AFTRA"). But in an earlier-filed case, Mogul's union, SAG-AFTRA, seeks to compel NYPR to *arbitrate* these very same disputes. Thus, the cases are not only related, they arise out of identical disputes and involve conflicting requests for relief.

In the earlier-filed case, SAG-AFTRA alleges that it filed a number of grievances over Mogul's termination and lack of severance and that it then tried to arbitrate these disputes. After NYPR refused to arbitrate, SAG-AFTRA filed a complaint in this Court seeking to compel arbitration, arguing that the parties' CBA requires arbitration of disputes surrounding Mogul's termination. (*See SAG-AFTRA v. New York Public Radio,* Case No. 1:21-cv-04972 (CM) (RWL), Dkt. 1 (June 4, 2021).) In the alternative, SAG-AFTRA asks the Court to hold that NYPR breached the parties' CBA. (*Id.*) NYPR has moved to dismiss SAG-AFTRA's earlier-filed complaint, based on its contentions that (1) the dispute between the parties is not arbitrable and (2) that SAG-AFTRA failed to plead that NYPR breached the CBA. (*See id.* at Dkt. 9, 10.)

Mogul initially filed his complaint in the New York State Supreme Court for the County of New York, and NYPR removed it to federal court on July 8, 2021. In this later-filed case, Mogul asserts claims for wrongful termination, denial of severance pay and benefits in violation of New York Labor Law Section 190 *et seq.*, defamation, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. All of Mogul's claims arise out of the same dispute as SAG-AFTRA's earlier-filed case: his termination and NYPR's refusal to pay him severance.

Both cases thus require analysis of the same facts, the same CBA, and involve the same parties. Moreover, Mogul and his Union assert mutually inconsistent theories in their complaints. In the earlier-filed case, SAG-AFTRA alleges that Mogul's termination and denial of severance pay are subject to the CBA's grievance and arbitration procedure, and SAG-AFTRA seeks to compel arbitration. In Mogul's later-filed case, he specifically asserts that the same claims are *not* subject to the CBA's grievance and arbitration procedure.

Thus, the cases are not only related: they also demand contradictory relief arising out of the same dispute. If the cases are not assigned to the same judge, NYPR and the other defendants may be subject to inconsistent judgments and therefore contradictory obligations.

Dated: July 8, 2021                              Respectfully submitted,

*/s/ Wendy C. Butler*
_____

Wendy C. Butler
Justin D. Martin
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
Fax: (212) 755-7306
wbutler@jonesday.com
jmartin@jonesday.com

*Attorneys for Defendants New York Public Radio, WNYC, and Audrey Cooper*