# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212 326 3939 • FACSIMILE: +1 212 755.7306

August 11, 2021

VIA ECF

The Honorable Colleen McMahon
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Mogul v. New York Public Radio et al.*,
Case No. 1:21-CV-5882 [rel. 1:21-cv-04972-CM-RWL]

Dear Judge McMahon:

**MEMO ENDORSED**

Request granted. All briefing on the motion to dismiss is stayed pending a decision on the motion to remand.

*Colleen McMahon*
8/19/2021

We represent Defendants New York Public Radio and Audrey Cooper[1] in the above-referenced matter, and we write to request that the Court extend Defendants' deadline to move, plead, or otherwise respond to Plaintiff's Complaint until 21 days after the Court decides Plaintiff's Motion for Remand (Dkt. 21). Defendants' current deadline to respond to the Complaint is August 24, 2021. (Dkt. 11.)

This request is warranted in order to maintain a sensible briefing schedule. Plaintiff filed his remand motion on July 31, 2021 (Dkt. 21), which set August 16, 2021 as Defendants' deadline to oppose remand and August 23, 2021 (which the parties have agreed to extend to August 26) as Plaintiff's deadline to reply in support of his remand motion. Plaintiff's remand motion argues, among other things, that removal was untimely and that Plaintiff's claims are not preempted by the Labor Management Relations Act, 29 U.S.C., § 185(a), and therefore this Court lacks jurisdiction over them. (*See* Dkt. 22.) Defendants' forthcoming opposition to Plaintiff's remand motion will depend on the arguments that removal was timely and that Plaintiff's claims *are* "completely preempted" by the LMRA. *See, e.g.*, *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003). Moreover, Plaintiff has already indicated he may amend his Complaint even before this Court has issued a ruling on the remand motion. (*See* Dkt. 21, at 17.)

The Court should extend any deadlines for responsive pleadings or motions with respect to Plaintiff's Complaint until the remand motion is resolved; otherwise, the parties will be required to brief issues going to the merits of the case before the Court has even decided it has *jurisdiction*

---

[1] The Summons with Notice and Complaint name "WNYC" as a Defendant. Defendants assert that WNYC is not a legal entity, and thus not a proper party to this action.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DUSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Case 1:21-cv-05882-CM   Document 18   Filed 08/11/21   Page 2 of 2

JONES DAY

The Honorable Colleen McMahon, United States District Judge
August 11, 2021
Page 2

over the case. Courts regularly set briefing schedules along similar lines, and this Court should do so here. *Cf. Whitehurst v. 1199SEIU United Healthcare Workers E.*, No 18-cv-1090, March 14, 2018 Order ("In light of the forthcoming motion to remand, briefing of the defendants' proposed Rule 12(b)(6) motion will be stayed[.]"); *see id.* June 6, 2018 Order (denying motion to remand and setting briefing schedule for motions to dismiss).

This is Defendants' second request for an extension of time to respond to the Complaint. (*See* Dkt. 8.) The Court granted Defendants' first request which, as here, was made for the purpose of establishing an orderly briefing schedule. (*See* Dkt. 11.) Plaintiff's counsel does not oppose this request. Defendants' requested extension will not affect any other scheduled dates.

Respectfully submitted,

*/s/ Wendy C. Butler*

Wendy C. Butler

cc: Cynthia Rollings
  Luna Droubi
  Rebecca Pattiz