UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



FRED MOGUL,

                Plaintiff,

-against-

NEW YORK PUBLIC RADIO, WNYC, and
AUDREY COOPER,

                Defendants.

No. 21-cv-5882 (CM)

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

McMahon, J.:

Pending before the court is Plaintiff Fred Mogul's ("Plaintiff" or "Mogul") motion to remand to state court. (Dkt. No. 15).[1] Plaintiff claims that remand is warranted because removal was untimely, and the Court lacks subject matter jurisdiction over his claims. Defendants oppose this motion. (Dkt. Nos. 19, 20).

Plaintiff's original complaint in the Supreme Court of the State of New York, County of New York (the "State Court Action") asserted claims for defamation, wrongful termination, denial of severance pay and benefits in violation of New York Labor Law ("NYLL") § 190 *et seq.*, breach of implied covenant of good faith and fair dealing; and intentional infliction of emotional distress ("IIED"). Defendants removed this case on the ground that Mogul's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA") (Dkt. Nos. 19, 20) because they either alleged a violation of a labor contract – the parties' collective bargaining agreement ("CBA")

---

[1] Screen Actors Guild - American Federation of Television and Radio Artists ("SAG") filed a related case against NYPR on June 4, 2021. SAG is the Plaintiff's union. That case settled and was voluntarily dismissed with prejudice on February 25, 2022. The parties did not settle this case.

1

– or were substantially dependent on analysis of the terms of the CBA. Either would result in federal preemption of his state law claims. (*See* Dkt. No. 1, ¶ 11).

Following removal, Plaintiff filed a First Amended Complaint, which he was entitled to do as of right. The amended complaint dropped all his claims except those for defamation and IIED.

The complaint was properly removed at the time it was moved from state to federal court. Removal was timely and at that time the pleading asserted state law claims that were federally preempted – namely, Mogul's wrongful termination, NYLL, and breach of implied covenant of good faith and fair dealing claims. Moreover, the court was empowered to exercise supplemental jurisdiction over plaintiff's state law claims, even though they were not federally preempted.

However, now that the removable claims – the federally preempted claims – have been dropped from the complaint, the court declines to exercise supplemental jurisdiction over the remaining claims. Deciding the claims for defamation and IIED does not involve interpretation of the CBA; they involve only an adjudication of whether plaintiff plagiarized. Moreover, a companion case against plaintiff's union, which was indisputably federal in nature, has been settled; as a result, there is simply no reason for this quintessentially state law case to be heard in federal court.

The motion to remand is granted.

## BACKGROUND

A. *Factual Background*

Plaintiff is a journalist who worked as a reporter for New York Public Radio ("NYPR"). (Dkt. No. 1-3 ("Compl."), ¶10). Defendants are NYPR, "WNYC" (a station of NYPR),[2] and Audrey Cooper ("Cooper"), the Editor in Chief at NYPR. (*Id.* ¶ 1).

This dispute arose when Plaintiff was terminated from NYPR in February 2021 for allegedly plagiarizing portions of a draft story. (*Id.* ¶¶37-51, 90). Plaintiff also alleges, that subsequent to his termination, Defendant Cooper held a newsroom meeting, at which Cooper explained publicly that Plaintiff had been fired for plagiarism. (*Id.* ¶¶37-51, 90–99).

Plaintiff maintains that he never plagiarized anything. (*Id.* ¶57). He commenced a lawsuit against Defendants in the New York State Supreme Court by filing a Summons With Notice on May 5, 2021. (Dkt. No. 1, ¶1). Plaintiff's Summons With Notice announced that he would be asserting the following claims against Defendants: "wrongful termination; violation of New York Labor Law § 190 *et seq.*, arising from denial of severance pay and severance benefits; defamation and slander arising from false and defamatory statements made and published to third parties about plaintiff by [defendant] Audrey Cooper without privilege with malice or reckless disregard causing harm; breach of contract; breach of implied covenant of good faith and fair dealing; and intentional infliction of emotional distress." (Dkt. No. 1-2). As is customary in New York State practice, the Summons was not accompanied by an actual complaint.

---

[2] Defendants maintain the "WNYC" is not a legal entity and is not a proper party to this action. (Dkt. 1, at n. 1).

3

B. *Service of Process*

Between May 7 and May 12, 2021, Plaintiff's counsel and Defendants' counsel engaged in an email discussion about whether Defendants' counsel would accept service of the Summons With Notice. (Dkt. No. 17-2). Defendants' counsel agreed to "accept service by mail pursuant to the attached CPLR section (CPLR 312-a), which contemplates that you would mail an acknowledgment form to me, which I would return to you." (*Id.* at 2). On May 13, 2021, Plaintiff mailed a 312-a Statement of Service by Mail and Acknowledgement of Receipt, together with the Summons with Notice, Notice of Electronic Filing and Confirmation Notice to Defendants' counsel. (Dkt. No. 17-3). On June 8, 2021, Defendants executed the Acknowledgment of Receipt of Service and returned it to Plaintiff. (Dkt. No. 1-2).

On June 15, 2021, Plaintiff filed his complaint in the State Court Action, asserting claims for defamation, wrongful termination, denial of severance pay and benefits in violation of NYLL § 190 *et seq.*, breach of the implied covenant of good faith and fair dealing, and IIED.

C. *Removal of this Action*

On July 8, 2021 – less than thirty days after the filing of the actual complaint, and exactly 30 days after service of the Summons with Notice -- Defendants removed the case to federal court on the basis of federal question jurisdiction. Defendants' theory for removing what appear on their face to be claims arising under New York State law was that Plaintiff's claims were preempted by Section 301 of the LMRA, and so actually arose under federal law for jurisdictional purposes. (Dkt. No. 1, ¶¶10-11). Defendants point out in their Notice of Removal that, as pleaded, Plaintiff's claims for wrongful termination, violation of the NYLL, and breach of the implied covenant of good faith and fair dealing specifically refer to and rely on the CBA. (*Id.* ¶¶12-14). Defendants' Notice of Removal further asserts that Counts I and V (defamation and IIED) likewise require

4

interpretation of the CBA, but note that, even if those claims are not federally preempted, the Court has supplemental jurisdiction over these claims as "part of the same controversy," *i.e.* Plaintiff's termination for plagiarism. (*Id.* ¶15).

### D. *Plaintiff's Amendment*

On July 31, plaintiff filed a motion to remand his case to state court or for leave to amend his pleading and then remand. (Dkt. No. 15). On August 24, 2021 – eight days after service of Defendants' opposition to the motion, but prior to the service of any answer or motion addressed to the pleadings – Plaintiff filed an amended complaint. (Dkt. No. 22). In the amended pleading he dropped his claims for wrongful termination and breach of implied covenant of good faith and fair dealing, as well as his claim under the NYLL. (*Id.*). Per the amended complaint, Plaintiff's only remaining claims against Defendants are for defamation and IIED. (*Id.*).

## DISCUSSION

### I. STANDARD

The removing party "bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "Given 'the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Berger v. New York Univ.*, No. 19 Civ. 267 (JPO), 2019 WL 3526533, at *1 (S.D.N.Y. Aug. 2, 2019) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (per curiam) (quoting 28 U.S.C. § 1447(c)).

5

Generally, "a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal." *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) (citing *Vera*, 335 F.3d at 116 n. 2). "'[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.'" *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2nd Cir. 2015) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007)).

However, "there are post-removal changes to a complaint that can deprive a federal court of jurisdiction." *Spehar v. Fuchs*, 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003). Notably, "when plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." *Id.* "[I]n making this determination, the district courts must weigh 'the values of judicial economy, convenience, fairness, and comity,' and consider whether the party seeking remand had engaged in forum manipulation." *Id.* (quoting *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). While mere "manipulation" is not "dispositive," *Id.* at *10, where (i) "Plaintiffs moved for leave to amend and remand immediately after removal;" (ii) that "amendment disposes entirely of their federal claim" in a "pre-answer stage;" (iii) where "no discovery has taken place; and (iv) where the judge has not yet "been asked to rule on any substantive motions," the balance of factors – judicial economy, convenience, fairness, and comity" may very well "weigh in favor of remand." *Id.* at *11.

## II. REMOVAL WAS TIMELY

Plaintiff contends that removal was untimely. (Dkt. No. 16, at 2-4). The Court disagrees.

28 U.S.C. Section 1446 provides the procedure for removal of civil actions and states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. 1446(b)(1).[3] The Supreme Court directs that despite the statutory language of "through service or otherwise," the clock for removal runs from formal "service of process (or waiver of service by the defendant)." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 356 (1999). "[T]he 'service or otherwise' language was not intended to abrogate the service requirement . . . as a starter for § 1446(b)'s clock." *Id.* at 356.

Under New York law, personal service of process by mail "is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender" and such form must be returned within 30 days of receipt by the defendant. *See* N.Y. C.P.L.R. § 312-A(b)(1) (2012).

Plaintiff argues that time for removal should run from Defendants' May 12, 2021 receipt of the initial summons by email. (Dkt. No. 16, at 3). This is not the law. If this case were one of an "email agreement between counsels" in which defendants acknowledged and accepted service by email, the May 12 date would in fact trigger the 30-day period for filing notice of removal. *See*

---

[3] Courts agree that "'initial pleadings' as defined in section 1446(b) of the federal removal statute" includes a "summons and notice" as in this case. *See Universal Motors Group of Companies Inc. v. Wilkerson*, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987); *see Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001) (finding that in New York state, a summons with notice "may constitute an initial pleading for purposes of the federal removal statute").

*Nguyen v. American Express Company*, 282 F.Supp.3d 677, 681 (S.D.N.Y. 2017). That was the case in *Nguyen*. However, in this case, Defendants' counsel agreed by email to accept service *by mail* in accordance with NY CPLR § 312-A. Under that agreement and CPLR § 312-A, service was not complete – and the removal clock did not begin to run – until Defendants timely returned the Acknowledgement of Receipt to its sender on June 8, 2021. Defendants then filed their Notice of Removal within 30 days of service, as required by the federal removal statute.

Defendants' removal was timely.

## III. REMOVAL WAS PROPER AT THE TIME THE CASE WAS BROUGHT TO THIS COURT

There can be little question that removal was proper at the time it occurred on July 8, 2021. Indeed, Plaintiff acknowledged as much when he moved for leave to amend his complaint – and when he amended his complaint as of right (Fed. R. Civ. P. 15(a)(1)) while his motion was pending. Plaintiff dropped the claims that were indisputably preempted by federal labor law – indeed, that were pleaded in a manner that referred to and relied on the CBA to which the parties are admittedly subject. While I agree with Plaintiff that his claims for defamation and IIED are not preempted by § 301 of the LMRA, the court nonetheless acquired subject matter jurisdiction over them by virtue of 28 U.S.C. § 1367, which provides that a federal court has supplemental jurisdiction over claims that are substantially related to claims over which the court had independent subject matter jurisdiction, such as "arising under" claims and preempted claims. The defamation and IIED claims were substantially related to the preempted claims. Therefore, the case was properly removed to federal court.

But there are no longer any federalized claims in this action. So the question becomes whether the court ought to exercise supplemental jurisdiction over claims that are not federally preempted.

8

*A. Plaintiff's Defamation and IIED Claims Are Not Preempted*

Section 301(a) of the LMRA provides that

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act ... may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). State claims are preempted under § 301 where they "allege[] a violation of a labor contract," *Vera*, 335 F.3d at 114, or "require interpretation of the terms of a CBA." *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 420 (S.D.N.Y. 2013) (quoting *McLean v. Garage Mgmt. Corp.*, No. 10 Civ. 3950 (DLC), 2011 WL 1143003, at *2 (S.D.N.Y. Mar. 29, 2011)). The test for whether a state law claim is preempted is whether "'resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" *Vera*, 335 F.3d at 114 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

"Not every suit concerning employment or tangentially involving a CBA ... is preempted by [§] 301." *Vera*, 335 F.3d at 114. "For example, if a state prescribes rules or establishes rights and obligations that are independent of a labor contract, actions to enforce such independent rules or rights would not be preempted by § 301." *Id.* at 115. "Nor would a state claim be preempted if its application required mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'" *Id.* (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12) (1988)). "Even if resolving a dispute under a state law claim and the [CBA] would require addressing the precisely same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301

9

pre-emption purposes." *Severin v. Project OHR, Inc.*, No. 10 Civ. 9696 (DLC), 2011 WL 3902994, at *4 (S.D.N.Y. Sept. 2, 2011) (quoting *Lingle*, 486 U.S. at 410).

Counts II, III, and IV of Plaintiff's original Complaint are substantially dependent on interpretation of the CBA, so those claims are preempted by Section 301 of the LMRA – which made the initial removal of this case proper. Plaintiff himself alleges that the CBA is applicable to his claims for wrongful termination, violation of NYLL, and breach of implied covenant of good faith and fair dealing in so far as he was not provided notice, severance, and benefits. (*See* Compl. ¶¶ 121-128). Specifically, in alleging Count II – wrongful termination – Plaintiff states that the "circumstances of defendants' termination of plaintiff's employment and deprivation of severance benefits . . . constitute a violation of applicable NYPR contracts . . ." (*Id.* ¶ 175.) Defendants rightly point out that the CBA is one such contract. (Dkt. No. 19, at 11). Similarly, in alleging Counts III and IV, Plaintiff expressly states that under the CBA he is entitled to severance and benefits (Compl. ¶¶ 181, 190) and advance notice of termination (*id.* ¶ 190) and was provided none of these. Each of these claims thus arise out of a labor contract and require substantial analysis of that labor contract – the CBA – to resolve the claims. As such, each is preempted by Section 301 of the LMRA

However, Plaintiff's claims of defamation and IIED (Counts I and V) are independent of the CBA for the purpose of preemption under § 301 of the LMRA.

Defendants argue that the Court would have to interpret the CBA in order to resolve these claims because the CBA gave NYPR "discretion in setting company policy," including in determining its plagiarism policy and in its "termination of reporters." (Dkt. No. 19, at 19, 21). Defendants maintain that whether the CBA "condone[s]" NYPR's actions is essential to each of these claims. (*Id.* at 19).

But Defendants do not point to any term or provision of the CBA that this Court would have to interpret in order to resolve the claims of defamation and IIED. As Plaintiff points out, his defamation claim arose after his termination and involved Cooper's telling third parties that he had in fact plagiarized – which Plaintiff insists is a false statement of fact. (Dkt. No. 23, at 6). His IIED claim likewise centers on the alleged "false and defamatory accusations of plagiarism and deceit." (Compl. ¶ 201). Neither claim references the CBA or requires interpretation of the CBA to resolve. The CBA does not define "plagiarism," and the plaintiff's claim is that he was defamed by being described to his co-workers as someone who plagiarized. His defamation claim and his IIED claim, which is predicated on defendant's public labeling of him as a plagiarizer, do not implicate either his termination or any company policy regarding the circumstances under which an employee can be fired. Indeed, if the defendants had simply told the Plaintiff that it considered him to have plagiarized and fired him but had not held a meeting and told plaintiff's co-workers why he was fired, Plaintiff would have no defamation or IIED claim to assert.

In *Bartlett v. Connecticut Light and Power Co.*, 309 F.Supp.2d 239 (D. Conn. 2004), on which Plaintiff relies, the Plaintiff challenged his termination in a state court action by filing a claim for IIED. Plaintiff was a member of a union and was covered by the union's CBA. Plaintiff claimed, *inter alia*, that the Defendant "made 'false accusations' about his work performance." *Id.* at 243. The Defendant timely removed the case to federal court on the ground that the IIED claim was preempted by the LMRA. Defendant argued that Plaintiff's IIED claim required interpretation of the CBA in part because the CBA set forth a procedure for determining the propriety of its actions. Plaintiff moved to remand, claiming that the IIED claim did not require interpretation of the CBA.

11

Judge Arterton determined that "there is nothing in the . . . provisions of the CBA that needs interpretation in order for [Defendant] to challenge the legal or factual significance of [Plaintiff's] allegations." *Id.* at 145. Defendant "cannot defend against this [IIED] claim merely by demonstrating that, under the CBA, [the] measures in some form were appropriate, if the actual nature of the conduct violates the state standard." *Id.* Instead, "To be successful in his claim, [Plaintiff] must prove that [Defendant's] conduct by its nature rises to the level of outrageousness that is cognizable by state law, that [Defendant] intended to cause emotional distress with this conduct, and that such distress resulted." *Id.* In sum, "the substantive legal obligations derive from state law, not the CBA." *Id.*

So too here. Neither Plaintiff's defamation or IIED claim alleges any violation of any term of the CBA, and Defendants have not demonstrated that interpretation of the CBA is required to adjudicate these claims. *See also Arroyo v. NYU Langone Hospital*, 2019 WL 5682628, at *3 (S.D.N.Y. Oct. 31, 2019) (finding on motion to remand state court claim under NYLL § 190 *et seq.* that "Defendant has failed to establish that Plaintiff's claims require interpretation of the CBAs" and thus the claims were not preempted; "Plaintiff did not . . . allege that Defendant had violated any term of the CBAs."). The fact that the CBA grants Defendants "discretion" to act as they did does not mean that these specific claims are preempted. Deciding whether the Plaintiff plagiarized something can be adjudicated without "substantial analysis" of the CBA. *See Vera*, 335 F.3d at 115. Indeed, it can be adjudicated without any analysis of the CBA whatsoever.

Admittedly, as the Second Circuit has noted, "The boundary between claims requiring 'interpretation' of a CBA and ones that merely require such an agreement to be 'consulted' is elusive." *Wynn v. AC Rochester*, 273 F.3d 153, 158 (2d Cir. 2001) (per curiam). But the boundary is clear where the claims asserted in Counts I and V are concerned. They are not preempted.

### B. *The Balance of Factors Suggests that This Court Should Not Retain Jurisdiction*

I acknowledge that the only claims remaining in Plaintiff's lawsuit are claims over which this court lacks independent subject matter jurisdiction. In ordinary circumstances I would not hesitate to remand this action to the New York State Supreme Court. There has been no substantive progress in this case; no answer has been filed, nor any motion made directed to the pleadings; there has been no discovery; the court has not decided any substantive issues. Counts I and V are the only claims remaining in suit in this action, and because there is no diversity of citizenship, they are claims over which this Count lacks subject matter jurisdiction.

The balance of judicial economy, convenience, fairness, and comity all weigh in favor of remand. The case is just beginning. There has been no discovery and the court has not ruled, or been asked to rule, on any substantive motions. Plaintiff sought remand immediately after removal and amended his complaint to drop his federalized claims; in the absence of those claims, there would have been no subject matter jurisdiction to begin with, and the case could never have been removed.

Finally, a companion lawsuit brought by plaintiff's union against NYPR arising out of the same incident, *Screen Actors Guild - American Federation of Television and Radio Artists, New York Local v. New York Public Radio*, would ordinarily have counseled in favor of exercising supplemental jurisdiction, if only to prevent duplicative discovery in two courts on two separate tracks. But that action has been settled. *See* No. 21-cv-04972 (CM), Dkt. No. 43. With that settlement, the last remaining reason to exercise supplemental jurisdiction over these two purely state law claims has disappeared.

13

Under these circumstances, the court declines to exercise supplemental jurisdiction and directs the Clerk of Court to remand this action to the New York State Supreme Court in and for New York County.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand to state court is GRANTED. The Clerk of Court is directed to close this case, terminate the motion at Docket No. 15, and transmit the file forthwith to the Clerk of Court in the Supreme Court, New York County.

This constitutes the decision and order of the court. This is a written opinion.

Dated: March 17, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL